Arehart v. Robinson et al

Doc. 5

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 5 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RONALD D. AREHART, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:06-cv-00268 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| D. ROBINSON, WARDEN, et. al., | ) | By: Hon. James C. Turk |
|     Defendant(s). | ) | Senior United States District Judge |

Plaintiff Ronald D. Arehart, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Arehart alleges that the defendants, prison officials at Wallens Ridge State Prison (WRSP), violated his constitutional rights by interfering with his ability to submit a timely Petition for a Writ of Actual Innocence to the Court of Appeals of Virginia. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

I.

Arehart alleges the following sequence of facts in support of his claims. On February 13, 2006, Arehart delivered several large envelopes, marked legal mail, to prison officials for mailing. At least one of these envelopes contained his original Petition for a Writ of Actual Innocence and was addressed to the Court of Appeals. Officials failed to mail this envelope because Arehart's total mailing had exceeded the amount of postage allotted weekly to indigent inmates. An official in the

Dockets.Justia.com

warden's office failed to reply promptly to Arehart's grievance about his need to mail the petition immediately, and the delay apparently prevented him from pursuing the appeal process within the grievance procedure. Arehart then resorted to the "dangerous method" of borrowing postage money from another inmate at a high rate of "interest," in this case giving the lender inmate one or two of his meals for several weeks. Arehart alleges that by order entered March 16, 2006, the Court of Appeals rejected his petition for a writ of actual innocence as untimely filed. He asserts that defendants' actions hindered his efforts to submit his petition to the court on time and caused him to suffer hunger as a result of being forced to obtain postage from another inmate in exchange for food.

Arehart also alleges that officials subsequently delayed providing him with paper and envelopes, which prevented him from filing a timely appeal of the March 16, 2006, dismissal order. Then, in April 2006, Arehart attempted to mail copies of his habeas petition to this court and to the Office of the Attorney General of Virginia. The mailroom officials used his legal postage allotment to mail the Attorney General's copy, but returned the court's copy to Arehart for insufficient postage. Again, Arehart had to trade his food to another inmate in exchange for postage money. The court received his habeas petition on May 1, 2006. Arehart sues the defendants, asserting that their actions interfered with his right to access the courts, by delaying his original actual innocence petition, by preventing him from filing a timely appeal from that petition, by delaying his submission of his habeas petition to this court, and by causing him to serve a "fraudulent legal action" on the Attorney General, when that office received a copy of a habeas petition that had not yet been filed in the court.

II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Inmates have a guaranteed right to reasonable access to both state and federal courts and to communication with attorneys. Ex parte Hull, 312 U.S. 546 (1941); Procunier v. Martinez, 416 U.S. 396 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401 (1989). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law" and other materials necessary to meaningful pursuit of litigation. Bounds v. Smith, 430 U.S. 817, 828 (1977). Under this principle, the state may not deny indigent inmates a reasonable amount of free postage for legal mail. White v. White, 886 F.2d 721 (4th Cir. 1989).

Where an inmate has had access to court, but alleges facts showing denial of some item necessary for meaningful pursuit of his litigation, such as adequate postage, the inmate must allege facts showing actual injury or specific harm to his litigation efforts resulting from denial of the item. Lewis v. Casey, 518 U.S. 343 (1996). Bounds and Casey do

> not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Casey, 518 U.S. at 355. State officials cannot be held liable under §1983 for negligent actions which

3

interfere with an inmate's litigation efforts. Pink v. Lester, 52 F.3d 73 (4th Cir. 1995), citing Daniels v. Williams, 474 U.S. 327 (1986).

III.

Under these principles, Arehart's allegations fail to state any claim actionable under § 1983. First, Arehart does not allege that any of the defendants intentionally delayed his mailings or failed to provide him with writing materials and additional postage. At most, he alleges that mail room staff negligently misapplied the prison policy regarding indigent inmates' legal postage allotment in February 2006 and negligently mailed the envelope to the Attorney General instead of the envelope to the court in April 2006. Similarly, the counselor's failure to provide paper and envelopes in a timely manner states, at most, a claim of negligent interference in Arehart's litigation efforts. Such negligent interference with an inmate's legal mail does not state an actionable claim under § 1983.

In any event, Arehart fails to allege facts stating a constitutional claim that he has been denied access to the courts, as he does not show any harm to his litigation efforts that resulted from defendants' actions.[1] In the dismissal order issued March 16, 2006, the Court of Appeals of Virginia dismissed Arehart's petition for a writ of actual innocence for failure to state a claim, because the evidence Arehart offered as proof of his actual innocence was presented at trial and on appeal in December 2002. Writs of actual innocence may only issue based on evidence previously unknown or unavailable to petitioner or his trial attorney. Virginia Code § 19.2-327.11(A)(iv). As Arehart

---

[1] As stated, Casey requires a showing that defendants' actions caused more than de minimis harm to plaintiff's litigation efforts. As such, Arehart's allegations that he suffered hunger pains because defendants failed to provide him with postage and writing materials cannot satisfy the "harm" element of his access to courts claims.

fails to demonstrate any ground upon which he was arguably entitled to relief pursuant to his actual innocence petition, he fails to state any possible harm he suffered because he was unable to appeal the dismissal of that petition. He also fails to state any harm to his litigation of his habeas corpus claims in federal court that arose from defendants' failure to send the original petition to the court before sending the respondent's copy to the Attorney General. Arehart's habeas action was filed in this court, but was transferred to the United States District Court for the Eastern District of Virginia and will go forward in that court, because the state court that entered the conviction and sentence against Arehart is located within the jurisdiction of the Eastern District Court. The court finds that all of Arehart's legal access claims must be dismissed, pursuant to § 1915A, for failure to state a claim.

Finally, Arehart has no Eighth Amendment claim against the defendants for the hunger that resulted from his own decision to barter away his food in exchange for legal materials. Defendants cannot be held liable for harms caused by Arehart's own actions. See also Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993) (to state Eighth Amendment claim for cruel and unusual living conditions, plaintiff must show that defendants were knew of and ignored a significant risk that plaintiff would suffer serious or significant mental or physical injury as a result of their inaction and that he, indeed, suffered such injury). Clearly, he did not inform any prison official that if he did not receive additional postage and paper, he would give his food away to another inmate. As officials did not know of this risk, they cannot be held liable for failing to alleviate it. Accordingly, the court finds that plaintiff's entire complaint must be dismissed for failure to state a claim, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the

Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 5th day of May, 2006.

                                                   /s/ James C. Turk
                                                 Senior United States District Judge